UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TANNER GARRETT VAUGHN, individually and doing business as Lead Expose, Inc., and Uptown Media, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

## DEFENDANT

6. Defendant Tanner Garrett Vaughn, who also does business as Lead Expose, Inc., and Uptown Media, Inc., resides in this district and uses the mailing address 16212 Bothell Everett Highway, #F126, Mill Creek, Washington 98012. In connection with the matters alleged herein, Defendant transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Defendant has advertised, marketed, distributed or sold products and services, including but not limited to acai berry supplements, to consumers throughout the United States.

## COMMERCE

7. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

8. Since at least April 2010, Defendant has advertised, marketed, and promoted various products and services to consumers throughout the United States, including acai berry supplements such as "Slim Acai" and ""Acai Lipo" (collectively, the "Acai Berry Products") and companion colon

cleanse products such as "Get Slim Colon Cleanse" and "Max Cleanse Pro" (collectively, the "Colon Cleanse Products").

9.  Defendant has promoted these products and services through websites deceptively designed to look like news reports, including sites using the domain names BreakingNewsAt6.com and Channel9NewsReport.com. The sites use the heading "News Alerts" and include the names and logos of major television networks and newspapers, falsely representing that the reports on the sites have been featured on these networks or in these newspapers.

10. Defendant's sites purport to provide objective investigative reports authored by a reporter typically pictured on the sites. The supposed authors of the reports claim to have personally tested or researched the products or services and to have experienced dramatic and/or positive results. Following the reports are "responses" or "comments" that appear to be independent statements made by ordinary consumers.

11. In fact, Defendant's news reports are fake. The featured reporters on the sites are not journalists and never conducted the research or experienced the results described in the report. The "responses" and "comments" following the reports are simply additional advertising content, not independent statements from ordinary consumers.

12. The sole purpose of Defendant's websites is to promote the featured products or services on behalf of third-party merchants who then sell the products or services on other websites. Defendant's promotional websites are designed to entice consumers to click on links that will transfer them to a merchant's website. Defendant receives a commission or other payment for each consumer who clicks on a link and ultimately makes a purchase or signs up for a "free trial" on the merchant's website. In this context, Defendant commonly is referred to as an "affiliate marketer."

13. Defendant has failed to disclose in a clear and conspicuous manner that the reporters featured on his websites have not objectively evaluated the products or services and, in fact, that Defendant has been paid to promote the products or services. Defendant's websites either fail entirely to disclose these facts, or fail to do so adequately. The relevant information typically appears in small type at the bottom of the web page, following the fake consumer comments, well below the links to the products or services being marketed.

14. In promoting products and services through his website, Defendant also makes deceptive claims about the products and services. For example, Defendant has claimed that the Acai Berry Products, alone or with in combination with the Colon Cleanse Products, causes rapid and substantial weight loss. Specifically, Defendant has claimed on BreakingNewsAt6.com that, after testing an Acai Berry Product, alone or in combination with a Colon Cleanse Product, the reporter featured on the site lost twenty-five pounds in four weeks without any special diet or intense exercise.

15. In truth and in fact, the Acai Berry Products, alone or in combination with the Colon Cleanse Products, do not cause rapid and substantial weight loss, and Defendant did not possess and rely upon a reasonable basis to substantiate representations that consumers who use these products will rapidly lose a substantial amount of weight.

## VIOLATIONS OF THE FTC ACT

16. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce.

17. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, the Acai Berry Products and the Colon Cleanse Products are either "food[s]" or "drug[s]" as defined in Sections 15(b) and (c) of the FTC Act, 15 U.S.C. §§ 55(b) and (c).

## COUNT ONE

### False and Unsubstantiated Product Claims

18. Through the means described in Paragraphs 8-15 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that use of the Acai Berry Products, alone or in combination with the Colon Cleanse Products, will result in rapid and substantial weight loss, including as much as twenty-five pounds in four weeks.

19. The representations set forth in Paragraph 18 of this Complaint are false or were not substantiated at the time the representations were made.

20. Therefore, the making of the representations as set forth in Paragraph 18 of this Complaint constitutes a deceptive act or practice and the making of false advertisements, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## COUNT TWO

### Misrepresentations (Fake News Reports)

21. Through the means described in Paragraphs 8-15 of this Complaint, Defendant has represented, directly or indirectly, expressly or by implication, that:

   a. Defendant's websites are objective news reports;

   b. Objective news reporters have performed independent tests or research demonstrating the effectiveness of the products or services featured, including the Acai Berry and Colon Cleanse Products; and

   c. The comments following the "article" on Defendant's websites express the views of independent consumers.

22. In truth and in fact:

   a. Defendant's websites are advertisements made to appear as objective news reports;

   b. Objective news reporters have not performed independent tests or research demonstrating the effectiveness of the products or services featured, including the Acai Berry and Colon Cleanse Products; and

   c. The comments following the "article" on Defendant's websites do not express the views of independent consumers.

23. Therefore, the making of the representations as set forth in Paragraph 21 of this Complaint constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT THREE

### Failures to Disclose (Connection to Seller)

24. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of the Acai Berry Products, Colon Cleanse Products, and other products or services, including through the means described in Paragraphs 8-15 of this Complaint, Defendant has

represented, directly or indirectly, expressly or by implication, that the content of his website has been authored by an objective reporter who has conducted independent tests.

25. In numerous instances in which Defendant has made the representation set forth in Paragraph 24 of this Complaint, Defendant has failed to disclose or disclose adequately to consumers that the content of his website has not been authored by an objective reporter but is, in fact, an advertisement placed by Defendant. Defendant receives commissions or other payments when consumers purchase the products or services or sign up for "free trials" on the sellers' websites.

26. Defendant's failure to disclose or disclose adequately the material information described in Paragraph 25 of this Complaint, in light of the representation described in Paragraph 24 of this Complaint, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

27. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act. In addition, Defendant has been unjustly enriched as a result of his unlawful acts or practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

28. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the

possibility of effective final relief, including but not limited to a preliminary injunction as to the deceptive and unsubstantiated claims made by Defendant, an order preserving assets, and an order requiring the accounting of his assets;

      B.      Enter a permanent injunction to prevent future violations of the FTC Act by Defendant;

      C.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

      D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: April 13, 2011

Respectfully submitted,

WILLARD K. TOM
General Counsel

ROBERT J. SCHROEDER
Regional Director

s/ Julie K. Mayer
JULIE K. MAYER, WSBA #34638
LAURA M. SOLIS, WSBA #36005
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington 98174
(206) 220-4475 (Mayer)
(206) 220-4544 (Solis)
jmayer@ftc.gov
lsolis@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION