1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

FEDERAL TRADE COMMISSION,                    Case No.

11
                         Plaintiff,          [PROPOSED]
12                                           **TEMPORARY RESTRAINING
                         v.                  ORDER WITH ASSET
13                                           PRESERVATION, ACCOUNTING OF**
     TANNER GARRETT VAUGHN, individually     **ASSETS, OTHER EQUITABLE**
14   and doing business as Lead Expose, Inc., and  **RELIEF, AND ORDER TO SHOW**
     Uptown Media, Inc.,                     **CAUSE WHY A PRELIMINARY**
15                                           **INJUNCTION SHOULD NOT ISSUE**
                         Defendant.
16

17

18

19         Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed its Complaint

20   for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the

21   Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having moved for a Temporary

22   Restraining Order with Other Equitable Relief, and an Order to Show Cause Why a Preliminary

23   Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the Court

24   having considered the Complaint, declarations, exhibits, and memorandum of law filed in support of

25   such motion, and now being advised in the premises, finds that:

26

27

28

TEMPORARY RESTRAINING ORDER          1

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties.

2. Venue lies properly with this Court.

3. There is good cause to believe that Defendant Tanner Garrett Vaughn has engaged in, and is likely to engage in the future in, acts and practices that violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, and that the Commission is therefore likely to prevail on the merits of this action.

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendant of his assets or records unless he is immediately restrained and enjoined by order of this Court.  Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including an order preserving Defendant's assets and prohibiting Defendant from destroying records.

5. Weighing the equities and considering the Commission's likelihood of ultimate success, this Temporary Restraining Order is in the public interest.

6. No security is required of any agency of the United States for the issuance of a temporary restraining order.  *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1. **"Acai Berry Products"** shall refer to any products, sold alone or in combination with companion products, that are advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product contains acai berries.

2. **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries,

TEMPORARY RESTRAINING ORDER  2

1   shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash,

2   wherever located.

3       3.    **"Assisting others"** includes, but is not limited to: (a) performing customer service

4   functions, including, but not limited to, receiving or responding to consumer complaints; (b)

5   formulating or providing, or arranging for the formulation or provision of, any sales script or other

6   marketing material; (c) providing names of, or assisting in the generation of, potential customers; (d)

7   verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) performing or providing

8   marketing, billing, or collection services of any kind, including, but not limited to, creating, hosting, or

9   maintaining websites, or recruiting affiliates; or (f) acting as an officer or director of a business entity.

10       4.    **"Competent and reliable scientific evidence"** means tests, analyses, research, or

11   studies that have been conducted and evaluated in an objective manner by qualified persons and are

12   generally accepted in the profession to yield accurate and reliable results.

13       5.    **"Covered Product"** means any dietary supplement, food, or drug, including, but not

14   limited to, Acai Berry Products.

15       6.    **"Defendant"** means Tanner Garret Vaughn, individually and doing business as

16   Lead Expose, Inc., and Uptown Media, Inc.

17       7.    **"Document" or "Documents"** means any materials listed in Federal Rule of Civil

18   Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video

19   recordings, computer records, and other data compilations from which information can be obtained

20   and translated, if necessary, into reasonably usable form through detection devices.  A draft or

21   nonidentical copy is a separate Document within the meaning of the term.

22       8.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or

23   services.

24       9.    **"Material connection"** means any relationship that materially affects the weight or

25   credibility of any endorsement and that would not be reasonably expected by consumers.

26       10.    **"Person"** means a natural person, an organization or other legal entity, including a

27   corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or

28   any other group or combination acting as an entity.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

11.   **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

## CONDUCT PROVISIONS

### I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendant, and his officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, any material fact, expressly or by implication, including, but not limited to, that:

1.     Any website or other publication is an objective news report;

2.     Objective news reporters have performed independent tests of any product, service, or program, including, but not limited to, a Covered Product;

3.     Independent tests demonstrate the effectiveness of any product, service, or program featured in any website or other publication, including, but not limited to, a Covered Product; and

4.     Comments posted on websites express the views of independent consumers;

B.     Failing to disclose, or disclose adequately:

1.     Any material connection, when one exists, between any user or endorser of any product, service, or program and Defendant or any other person manufacturing, advertising, labeling, promoting, offering for sale, selling or distributing such product, service, or program; and

2.     If applicable, that the content of any website or other publication has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

### II.  PROHIBITED REPRESENTATIONS REGARDING COVERED PRODUCTS

**IT IS FURTHER ORDERED** that Defendant, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise,

TEMPORARY RESTRAINING ORDER          4

1  whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any

2  of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any

3  Covered Product, are hereby temporarily restrained and enjoined from making, or assisting others in

4  making, expressly or by implication, including through the use of a product name, endorsement,

5  depiction, or illustration, any representation that such product causes weight loss or rapid weight loss

6  and any other representation about the health benefits, performance, or efficacy of such product, unless

7  the representation is non-misleading and, at the time of making such representation, Defendant

8  possesses and relies upon competent and reliable scientific evidence, as that term is defined above, that

9  is sufficient in quality and quantity based on standards generally accepted in the scientific fields, when

10  considered in light of the entire body of relevant and reliable scientific evidence, to substantiate the

11  representation is true.

12  **ASSET PROVISIONS**

13  **III.  ASSET PRESERVATION**

14  **IT IS FURTHER ORDERED** that:

15  A.      Defendant, and his officers, agents, servants, employees, and attorneys, and all other

16  persons in active concert or participation with any of them, who receive actual notice of this Order by

17  personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary,

18  division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly

19  selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing,

20  dissipating, converting, withdrawing or making any other disposition of any assets or any interest

21  therein, wherever located, including any assets outside the territorial United States, that are owned,

22  controlled or held by, or for the benefit of, in whole or in part, Defendant, or are in the actual or

23  constructive possession of Defendant.

24  B.      The assets affected by this Section shall include both existing assets and assets acquired

25  after the effective date of this Order.

26  C.      Notwithstanding Section III.A above, by prior written agreement with counsel for the

27

28

TEMPORARY RESTRAINING ORDER          5

1    Commission, or prior approval by the Court, Defendant may withdraw, transfer, encumber, or

2    otherwise dissipate assets to pay actual, ordinary, and necessary business or living expenses that

3    Defendant reasonably incurs.

4        D.      To the extent that Defendant withdraws, transfers, encumbers, or otherwise dissipates

5    assets pursuant to Section III.C of this Order, he shall provide an accounting of his expenses to counsel

6    for the Commission for each calendar month.

7                        **IV.  FINANCIAL REPORTS AND ACCOUNTING**

8        **IT IS FURTHER ORDERED** that at least three (3) calendar days prior to the preliminary

9    injunction hearing in this matter, and in no event later than ten (10) calendar days after entry of this

10   Order, Defendant shall provide to counsel for the Commission:

11       A.      A completed financial statement accurate as of the date of entry of this Order, in the

12   form provided as Attachment A for individuals, signed under penalty of perjury.  The financial

13   statement shall include assets held outside the territory of the United States, shall be accurate as of the

14   date of the entry of this Order, and shall be verified under oath.  Defendant shall attach to this

15   completed financial statement copies of all local, state, provincial, and federal income and property tax

16   returns, with attachments and schedules, as called for by the instructions to the financial statements;

17   and

18       B.      A detailed accounting of:

19              1.      The names of all products and services advertised, marketed, promoted, offered

20                      for sale, distributed, or sold since January 1, 2008;

21              2.      gross revenues and net profits (in U.S. Dollars) obtained from the advertising,

22   marketing, or sale of each product and service identified in Subsection IV.B.1. above, from

23   inception of the advertising, marketing, or sale of that product or service through the date of

24   entry of this Order; and

25              3.      the name, address, telephone number, e-mail address, website address, and

26   contact person of each entity or person that: (i) supplied, manufactured, formulated, or created

27   any product or service that is advertised, marketed, promoted, offered for sale, distributed, or

28   sold by or on behalf of Defendant, (ii) provided any order fulfillment services of any kind,

TEMPORARY RESTRAINING ORDER          6

including, but not limited to, drop shipping, mailing, and/or distributing products, for or on behalf of Defendant, or (iii) paid Defendant, whether directly or indirectly, related to Defendant's advertisement of any products or services.

**RECORD KEEPING PROVISIONS**

**V.  PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY**

**IT IS FURTHER ORDERED** that Defendant and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.      Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendant's income, and the disbursements, transactions, dispositions, and uses of Defendant's assets; and

B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to: the business practices or business or personal finances of Defendant; or the business practices or finances of entities directly or indirectly under the control of Defendant;  and

C.      Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

**ORDER TO SHOW CAUSE AND RELATED PROVISIONS**

**VI.  LIMITED EXPEDITED DISCOVERY**

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.      Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of Defendant's assets; the nature and location of documents reflecting Defendant's business transactions; the location of any premises where Defendant, directly or through any third party, conducts business operations; the Defendant's whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B.      Demand the production of Documents from any person, whether or not a party, relating to the nature, status, and extent of Defendant's assets; the nature and location of documents reflecting Defendant's business transactions of Defendant; the location of any premises where Defendant, directly or through any third party, conducts business operations; the Defendant's whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.  The provisions of this Section shall apply both to parties to this case and to non-parties.  The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Western District of Washington, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section IX of this Order.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

**VII.  SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE**

**IT IS FURTHER ORDERED** that Defendant shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on Plaintiff's request for a preliminary injunction.

Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on Defendant or his counsel no later than one (1) business day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, or by facsimile, and documents shall be served so that they shall be received by the other parties no later than 4:00 p.m. (Pacific Daylight Time) on the appropriate dates listed in this Section.

**VIII.  CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF**

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Julie K. Mayer
> Federal Trade Commission
> 915 Second Avenue, Suite 2896
> Seattle, WA 98174
> (206) 220-4475 [telephone]
> (206) 220-6366 [facsimile]
> jmayer@ftc.gov

**IX.  SERVICE OF ORDER**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by agents and employees of the Commission, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendant, or that may be subject to any provision of this Order.

**X.  DISTRIBUTION OF ORDER BY DEFENDANT**

**IT IS FURTHER ORDERED** that Defendant shall immediately provide a copy of this Order to each of his affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other

1    persons in active concert or participation with him.  Within ten (10) calendar days from the date of

2    entry of this Order, Defendant shall serve on the Commission an affidavit identifying the name, title,

3    address, telephone number, date of service, and manner of service of each person or entity Defendant

4    served with a copy of this Order in compliance with this provision.

## XI.  CONSUMER REPORTING AGENCIES

6    **IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting

7    Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report

8    concerning Defendant to the Commission.

## XII.  MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

10    **IT IS FURTHER ORDERED** that the question of whether this Court should enter a

11    preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining

12    Defendant during the pendency of this action shall be resolved on the pleadings, declarations, exhibits,

13    and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on

14    further order of this Court or on motion filed with the Court and served on counsel for the other parties

15    at least four (4) business days prior to the preliminary injunction hearing in this matter.  Such motion

16    shall set forth the name, address, and telephone number of each proposed witness, a detailed summary

17    or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation

18    of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely

19    motion to present live testimony or to present live testimony in response to another party's timely

20    motion to present live testimony shall be filed with this Court and served on the other parties at least

21    two (2) business days prior to the preliminary injunction hearing in this matter, provided that service

22    shall be performed by personal or overnight delivery, by electronic filing, or by facsimile, and

23    documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m.

24    (Pacific Daylight Time) on the appropriate dates provided in this Section.

25    *Provided further*, however, that an evidentiary hearing on the Commission's request for a preliminary

26    injunction is not necessary unless Defendant demonstrates that he has, and intends to introduce,

27    evidence that raises a genuine material factual issue.

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

### XIII.  DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _____, 2011, at __ _.m. (Pacific Daylight Time), unless, within such time, for good cause shown, the Order is extended, or unless Defendant consents that it should be extended for a longer period of time.

### XIV.  ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that Defendant shall appear before this Court, on the _____ floor of the U.S. Courthouse, 700 Stewart Street, Seattle, Washington, on the _____ day of _____, 2011, at _____ o'clock ___.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendant, enjoining it from further violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and imposing such additional relief as may be appropriate.

### XV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED this ____ day of April, 2011.

_____
United States District Judge

Presented by:

WILLARD K. TOM
General Counsel
ROBERT J. SCHROEDER
Regional Director

s/Julie K. Mayer_____
JULIE K. MAYER, WSBA #34638
LAURA M. SOLIS, WSBA #36005
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

<u>**Instructions**</u>:

1.      Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.      The font size within each field will adjust automatically as you type to accommodate longer responses.

3.      "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

4.      "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

5.      Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number(s) being continued.

6.      Type or print legibly.

7.      Initial each page in the space provided in the lower right corner.

8.      Sign and date the completed financial statement on the last page.

<u>**Penalty for False Information**</u>:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1)  "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2)  "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3)  "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

Attachment A

## BACKGROUND INFORMATION

**Item 1.**        **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

**Item 2.**        **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**        **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**        **Contact Information**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____


**Item 5.**        **Information About Dependents Who Live With You**

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____


**Item 6.**        **Information About Dependents Who Do Not Live With You**

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

‣Name Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

**Item 7.**        **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

‣Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Initials _____

**Item 7. continued**

Income Received:  This year-to-date:  $_____          _____: $_____

20_____: $_____          _____: $_____

_____: $_____          _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

20_____: $_____          _____: $_____

_____: $_____          _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

20_____: $_____          _____: $_____

_____: $_____          _____: $_____

**Item 8.**        **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Initials _____

Attachment A

**Item 9.**          **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 10.**          **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.  *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 11.**          **Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

‣Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

‣Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

‣Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

Attachment A

## FINANCIAL INFORMATION:  ASSETS AND LIABILITIES

**REMINDER:  "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

**Item 12.**              **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____   Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 13.**              **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

Attachment A

Initials _____

**Item 14.**        **Publicly Traded Securities and Loans Secured by Them**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

**Item 15.**        **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

**Item 16.**        **Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

Initials _____

**Item 17.**     **Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____   Current Amount Owed $_____   Monthly Payment $_____

**Item 18.**     **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____   Beneficiary _____   Face Value $_____

Policy No. _____   Loans Against Policy $_____   Surrender Value $_____

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____   Beneficiary _____   Face Value $_____

Policy No. _____   Loans Against Policy $_____   Surrender Value $_____

**Item 19.**     **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Name on Account _____   Type of Plan _____   Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____   Surrender Value $_____

‣Name on Account _____   Type of Plan _____   Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____   Surrender Value $_____

Page  8                                                             Initials _____

<u>Item 20.</u>         **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

<u>Item 21.</u>         **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

‣Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

Initials _____

Attachment A

**Item 21.  Continued**

‣Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.        Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

‣Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Page  10                                                        Initials _____

Attachment A

**Item 23.**       **Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 24.**       **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |

**Item 25.**       **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Initials _____

**Item 26.**       **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


## OTHER FINANCIAL INFORMATION


**Item 27.**       **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|----------|-------------------|-----------------|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |


**Item 28.**       **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|------------------------|--------------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Initials _____

Attachment A

**Item 29.**        **Trusts and Escrows**

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.  *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | _____ | $_____ |

**Item 30.**        **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Attachment A                    Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**      **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You  (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 19) | $_____ | _____ | $_____ |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Initials _____

Attachment A

**Item 32.** **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Initials _____

Attachment A

## ATTACHMENTS

**Item 33.**        **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

Item No. Document                              Description of Document
    Relates To

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____
(Date)                                     Signature