1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TANNER GARRETT VAUGHN, individually and doing business as Lead Expose, Inc., and Uptown Media, Inc.,<br><br>Defendant. | Case No. 2:11-cv-630-RAJ<br><br>**STIPULATED TEMPORARY RESTRAINING ORDER** |

18

19     On April 13, 2011, Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed

20   its Complaint to secure temporary, preliminary, and permanent injunctive and other equitable relief

21   pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), f or

22   Defendant's acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a)

23   and 52.  Plaintiff FTC and Defendant Tanner Garrett Vaughn, represented by the attorneys named

24   below, have agreed to entry of this Stipulated Temporary Restraining Order ("Order").

25     **NOW, THEREFORE**, Plaintiff FTC and Defendant Tanner Garrett Vaughn, having requested

26   the Court to enter this Order,

27     **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

28

STIPULATED TRO                                    1

1

**FINDINGS**

2    1.    This Court has jurisdiction over the subject matter of this case, and there is good cause

3    to believe it will have jurisdiction over the parties.

4    2.    Venue lies properly with this Court.

5    3.    Defendant Tanner Garret Vaughn has not admitted to liability as to the causes of action

6    in the Complaint, and his consent to entry of this Order shall not be interpreted to constitute an

7    admission that he has engaged in any violations of any law or regulation.

8    4.    No security is required of any agency of the United States for the issuance of a

9    temporary restraining order. *See* Fed. R. Civ. P. 65(c).

10

**DEFINITIONS**

11    For purposes of this Temporary Restraining Order ("Order"), the following definitions shall

12    apply:

13    1.    **"Acai Berry Products"** shall refer to any products, sold alone or in combination with

14    companion products, that are advertised, marketed, promoted, offered for sale, distributed, or sold

15    with express or implied representations that the product contains acai berries.

16    2.    **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any

17    real or personal property, including, but not limited to, "goods," "instruments," "equipment,"

18    "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the

19    Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries,

20    shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash,

21    wherever located.

22    3.    **"Assisting others"** includes, but is not limited to: (a) performing customer service

23    functions, including, but not limited to, receiving or responding to consumer complaints; (b)

24    formulating or providing, or arranging for the formulation or provision of, any sales script or other

25    marketing material; (c) providing names of, or assisting in the generation of, potential customers; (d)

26    verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) performing or providing

27    marketing, billing, or collection services of any kind, including, but not limited to, creating, hosting, or

28    maintaining websites, or recruiting affiliates; or (f) acting as an officer or director of a business entity.

STIPULATED TRO                    2

1       4.    **"Covered Product"** means any dietary supplement, food, or drug, including, but not

2   limited to, Acai Berry Products.

3       5.    **"Defendant"** means Tanner Garret Vaughn, individually and doing business as

4   Lead Expose, Inc., and Uptown Media, Inc.

5       6.    **"Document" or "Documents"** means any materials listed in Federal Rule of Civil

6   Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video

7   recordings, computer records, and other data compilations from which information can be obtained and

8   translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical

9   copy is a separate Document within the meaning of the term.

10      7.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or

11  services.

12      8.    **"Material connection"** means any relationship that materially affects the weight or

13  credibility of any endorsement and that would not be reasonably expected by consumers.

14      9.    **"Person"** means a natural person, an organization or other legal entity, including a

15  corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or

16  any other group or combination acting as an entity.

17      10.    **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

18  **CONDUCT PROVISIONS**

19  **I. PROHIBITED BUSINESS ACTIVITIES**

20      **IT IS THEREFORE ORDERED** that Defendant, and his officers, agents, servants,

21  employees and attorneys, and all other persons in active concert or participation with any of them, who

22  receive actual notice of this Order by personal service or otherwise, whether acting directly or through

23  any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the

24  advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are

25  hereby temporarily restrained and enjoined from:

26      A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication,

27  that:

28          1.    Any website or other publication, including sites using the domain names

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

www.BreakingNewsat6.com and www.Channel9NewsReport.com, is an objective news report;

2. Objective news reporters have performed independent tests of any product, service, or program, including, but not limited to, a Covered Product; and

B. Failing to disclose, or disclose adequately, that the content of any website or other publication, including sites using the domain names www.BreakingNewsat6.com and www.Channel9NewsReport.com, has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

### ASSET PROVISIONS

### II. ASSET PRESERVATION

**IT IS FURTHER ORDERED** that:

A. Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendant, or are in the actual or constructive possession of Defendant.

B. The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

C. Notwithstanding Section II.A above, Defendant may withdraw, transfer, encumber, or otherwise dissipate assets up to $750.00 prior to the expiration of this Order to pay actual, ordinary, and necessary business or living expenses that Defendant reasonably incurs and Defendant may also pay any reasonable attorneys' fees. Further, funds currently held in retainer to pay reasonable attorneys fees shall not be subject to this Order.

D. To the extent that Defendant withdraws, transfers, encumbers, or otherwise dissipates

STIPULATED TRO 4

1    assets pursuant to Section II.C of this Order, he shall provide an accounting of his expenses to counsel

2    for the Commission no later than two business (2) days prior to expiration of this Order.

3                    **III. FINANCIAL REPORTS AND ACCOUNTING**

4        **IT IS FURTHER ORDERED** that by at least two (2) business days prior to expiration of this

5    Order, Defendant shall provide to counsel for the Commission a completed financial statement

6    accurate as of the date of entry of this Order, in the  form provided as Attachment A for individuals,

7    signed under penalty of perjury.  The financial statement shall include assets held outside the territory

8    of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified

9    under oath.  Defendant shall attach to this completed financial statement copies of all local, state,

10   provincial, and federal income and property tax returns, with attachments and schedules, as called for

11   by the instructions to the financial statements.

12                     **RECORD KEEPING PROVISIONS**

13    **IV. PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY**

14        **IT IS FURTHER ORDERED** that Defendant and his officers, agents, servants, employees,

15   and attorneys, and all other persons in active concert or participation with him who receive actual

16   notice of this Order by personal service or otherwise, whether acting directly or through any trust,

17   corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined

18   from:

19        A.      Failing to create and maintain books, records, accounts, bank statements, current

20   accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements

21   ledgers and source documents, documents indicating title to real or personal property, and any other

22   data which, in reasonable detail, accurately, fairly, and completely reflect Defendant's income, and the

23   disbursements, transactions, dispositions, and uses of Defendant's assets; and

24        B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

25   disposing of, in any manner, directly or indirectly, any documents, including electronically stored

26   materials, that relate in any way to: the business practices or business or personal finances of

27   Defendant; or the business practices or finances of entities directly or indirectly under the control of

28   Defendant; and

STIPULATED TRO                               5

1       C.      Creating, operating, or exercising any control over any business entity, whether newly-

2 formed or previously inactive, including any partnership, limited partnership, joint venture, sole

3 proprietorship, or corporation, without first providing the Commission with a written statement

4 disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and

5 website address of the business entity; (3) the names of the business entity's officers, directors,

6 principals, managers, and employees; and (4) a detailed description of the business entity's intended

7 activities.

8                      **ORDER TO SHOW CAUSE AND RELATED PROVISIONS**

9               **V. CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF**

10      **IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and

11 pleadings to the Commission shall be addressed to:

12                       Julie K. Mayer
                      Federal Trade Commission
13                       915 Second Avenue, Suite 2896
                      Seattle, WA 98174
14                       (206) 220-4475 [telephone]
                      (206) 220-6366 [facsimile]
15                       jmayer@ftc.gov

16                          **VI. SERVICE OF ORDER**

17      **IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

18 including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by

19 agents and employees of the Commission, by any law enforcement agency, or by private process

20 server, upon any person that may have possession or control of any document of Defendant, or that

21 may be subject to any provision of this Order.

22               **VII. DISTRIBUTION OF ORDER BY DEFENDANT**

23      **IT IS FURTHER ORDERED** that Defendant shall immediately provide a copy of this Order

24 to each of his affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees,

25 attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other

26 persons in active concert or participation with him. Within ten (10) calendar days from the date of

27 entry of this Order, Defendant shall serve on the Commission an affidavit identifying the name, title,

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    address, telephone number, date of service, and manner of service of each person or entity Defendant

2    served with a copy of this Order in compliance with this provision.

3                  **VIII.  CONSUMER REPORTING AGENCIES**

4        **IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting

5    Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report

6    concerning Defendant to the Commission.

7        **IX.  MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION**

8        **IT IS FURTHER ORDERED** that the question of whether this Court should enter a

9    preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining

10    Defendant during the pendency of this action shall be resolved on the pleadings, declarations, exhibits,

11    and memoranda filed by, oral argument of, and testimony of, the parties.  Live testimony from anyone

12    other than a party shall be heard only on further order of this Court or on motion filed with the Court

13    and served on counsel for the other parties at least four (4) business days prior to the preliminary

14    injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number

15    of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed

16    witness's expected testimony, and an explanation of why the taking of live testimony would be helpful

17    to this Court.  Any papers opposing a timely motion to present live testimony or to present live

18    testimony in response to another party's timely motion to present live testimony shall be filed with this

19    Court and served on the other parties at least two (2) business days prior to the preliminary injunction

20    hearing in this matter, provided that service shall be performed by personal or overnight delivery, by

21    electronic filing, or by facsimile, and documents shall be delivered so that they shall be received by the

22    other parties no later than 4:00 p.m. (Pacific Daylight Time) on the appropriate dates provided in this

23    Section.

24    *Provided further*, however, that an evidentiary hearing on the Commission's request for a preliminary

25    injunction is not necessary unless Defendant demonstrates that he has, and intends to introduce,

26    evidence that raises a genuine material factual issue.

27

28

STIPULATED TRO                  7

1

## X. DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on April 26, 2011, at 5 p.m. (Pacific Daylight Time), unless, within such time, for good cause shown, the Order is extended, or unless Defendant consents that it should be extended for a longer period of time.

## XI. ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that Defendant shall appear before this Court, in Courtroom 13106 of the U.S. Courthouse, 700 Stewart Street, Seattle, Washington, on the 26th day of April 2011, at 11 o'clock a.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendant, enjoining it from further violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and imposing such additional relief as may be appropriate.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste 2896
Seattle, Washington 98174
(206) 220-6350

1

2    **ATTORNEYS FOR PLAINTIFF**                    **ATTORNEYS FOR DEFENDANT**

3

4    _Julie K. Mayer_                               _John Du Wors_

5    JULIE K. MAYER, WSBA #34638                    JOHN DU WORS, WSBA #33987
     LAURA M. SOLIS, WSBA #36005                    Newman Du Wors
     Federal Trade Commission                      1201 Third Avenue
6    915 Second Avenue                              Suite 1600
     Suite 2896                                     Seattle, Washington 98101
7    Seattle, Washington 98174                      (206) 274-2800
     (206) 220-4475 (Mayer)                         John@newmanlaw.com
8    (206) 200-4544 (Solis)
     (206) 220-6366 (facsimile)
9    jmayer@ftc.gov                                 _James A. Kaminski_
     lsolis@ftc.gov
10                                                  (approved as to form)
                                                    JAMES A. KAMINSKI
11                                                  DAWN C. STEWART
                                                    Hughes & Bentzen PLLC
12                                                  (not yet admitted)
                                                    1100 Connecticut Avenue
13                                                  Suite 340
                                                    Washington, DC 20036
14                                                  (202) 293-8975
                                                    jkaminski@hughesbentzen.com
15                                                  dstewart@hughesbentzen.com

16   **SO ORDERED**.

17

18   DATED this ___ day of April, 2011.

19                                                  _____
                                                    RICHARD A. JONES
20                                                  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

STIPULATED TRO                    9

1

2

## CERTIFICATE OF SERVICE

3

4

5

I hereby certify that on April 15, 2011, I electronically filed the foregoing STIPULATED TEMPORARY RESTRAINING ORDER with the Clerk of the Court using the CM/ECF system and served the foregoing above-referenced document by mailing a true copy thereof to the following non-CM/ECF participants at the addresses listed below by first class mail, deposited with the United States Postal Service, Seattle, WA:

6

7

8

9

10

11

12

James Kaminski
Dawn Stewart
Hughes & Bentzen, PLLC
1100 Connecticut Avenue, NW
Suite 340
Washington, DC 20036
Telephone: 202.293.8975
Fax: 202.293.8973
Email: Jkaminski@hughesbentzen.com
       Dstewart@hughesbentzen.com
       Attorneys for Defendant Tanner Vaughn, individually and d/b/a Lead Expose,
       Inc., and Uptown Media, Inc.

13

14

15

16

17

18

John Du Wors
Newman Du Wors
1201 Third Avenue,
Suite 1600
Seattle, Washington 98101
Phone: 206.274.2800
Fax: 206.274.2801
Email: John@newmanlaw.com
       Attorney for Defendant Tanner Vaughn, individually and d/b/a Lead Expose, Inc.,
       and Uptown Media, Inc.

19

20

21

22

Dated April 15, 2011

                              s/Julie K. Mayer
                              JULIE K. MAYER
                              Attorney for Plaintiff
                              Federal Trade Commission

23

24

25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350