1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:11-cv-630-RAJ |
| Plaintiff, | **STIPULATED PRELIMINARY INJUNCTION** |
| v. | |
| TANNER GARRETT VAUGHN, individually and doing business as Lead Expose, Inc., and Uptown Media, Inc., | |
| Defendant. | |

11
12
13
14
15
16
17
18

19    Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for

20   Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the

21   Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and moved for a Temporary

22   Restraining Order with Other Equitable Relief, and an Order to Show Cause Why a Preliminary

23   Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil Procedure.  On April 15,

24   2011, the Court entered the parties' Stipulated Temporary Restraining Order.

25                                   <u>**DISPOSITION**</u>

26    Having duly considered the parties' pleadings, papers, and arguments, the Court hereby ENTERS

27   this Stipulated Preliminary Injunction against Defendant Tanner Garrett Vaughn, individually and doing

28   business as Lead Expose, Inc. and Uptown Media, Inc.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

## FINDINGS

1.       This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties.

2.       Venue lies properly with this Court.

3.       Defendant Tanner Garret Vaughn has not admitted to liability as to the causes of action in the Complaint, and his consent to entry of this Order shall not be interpreted to constitute an admission that he has engaged in any violations of any law or regulation.

4.       No security is required of any agency of the United States for the issuance of a temporary restraining order.  *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.       **"Acai Berry Products"** shall refer to any products, sold alone or in combination with companion products, that are advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product contains acai berries.

2.       **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

3.       **"Assisting others"** includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (c) providing names of, or assisting in the generation of, potential customers; (d) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) performing or providing marketing, billing, or collection services of any kind, including, but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (f) acting as an officer or director of a business entity.

4.       **"Competent and reliable scientific evidence"** means tests, analyses, research, or

STIPULATED PRELIMINARY INJUNCTION       2

1  studies that have been conducted and evaluated in an objective manner by qualified persons and are

2  generally accepted in the profession to yield accurate and reliable results.

3      5.      **"Covered Product"** means any dietary supplement, food, or drug, including, but not

4  limited to, Acai Berry Products.

5      6.      **"Defendant"** means Tanner Garret Vaughn, individually and doing business as

6  Lead Expose, Inc., and Uptown Media, Inc.

7      7.      **"Document" or "Documents"** means any materials listed in Federal Rule of Civil

8  Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings,

9  computer records, and other data compilations from which information can be obtained and translated, if

10 necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a

11 separate Document within the meaning of the term.

12     8.      **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or

13 services.

14     9.      **"Material connection"** means any relationship that materially affects the weight or

15 credibility of any endorsement and that would not be reasonably expected by consumers.

16     10.     **"Person"** means a natural person, an organization or other legal entity, including a

17 corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any

18 other group or combination acting as an entity.

19     11.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

20                          **<u>CONDUCT PROVISIONS</u>**

21                  **I.  PROHIBITED BUSINESS ACTIVITIES**

22     **IT IS THEREFORE ORDERED** that Defendant, and his officers, agents, servants, employees

23 and attorneys, and all other persons in active concert or participation with any of them, who receive actual

24 notice of this Order by personal service or otherwise, whether acting directly or through any trust,

25 corporation, subsidiary, division, or other device, or any of them, in connection with the advertising,

26 marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily

27 restrained and enjoined from:

28     A.      Misrepresenting, or assisting others in misrepresenting, any material fact, expressly or

STIPULATED PRELIMINARY INJUNCTION    3

by implication, including, but not limited to, that:

        1.     Any website or other publication is an objective news report;

        2.     Objective news reporters have performed independent tests of any product, service, or program, including, but not limited to, a Covered Product;

        3.     Independent tests demonstrate the effectiveness of any product, service, or program featured in any website or other publication, including, but not limited to, a Covered Product; and

        4.     Comments posted on websites express the views of independent consumers;

B.     Failing to disclose, or disclose adequately:

        1.     Any material connection, when one exists, between any user or endorser of any product, service, or program and Defendant or any other person manufacturing, advertising, labeling, promoting, offering for sale, selling or distributing such product, service, or program; and

        2.     If applicable, that the content of any website or other publication has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

## II.  PROHIBITED REPRESENTATIONS REGARDING COVERED PRODUCTS

**IT IS FURTHER ORDERED** that Defendant, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Covered Product, are hereby temporarily restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation that such product causes weight loss or rapid weight loss and any other representation about the health benefits, performance, or efficacy of such product, unless the representation is non-misleading and, at the time of making such representation, Defendant possesses and relies upon competent and reliable scientific evidence, as that term is defined above, that is sufficient in quality and quantity based on standards generally accepted in the scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate the representation is true.

STIPULATED PRELIMINARY INJUNCTION    4

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

**ASSET PROVISIONS**

**III.  ASSET PRESERVATION**

**IT IS FURTHER ORDERED** that:

A.      Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendant, or in the actual or constructive possession of Defendant.

B.      The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

C.      Notwithstanding Section III.A above, Defendant may withdraw, transfer, encumber, or otherwise dissipate assets up to $3,000.00 prior to the expiration of this Order to pay actual, ordinary, and necessary business or living expenses, including attorneys' fees, that Defendant reasonably incurs. In addition, by prior written agreement with counsel for the Commission, or prior approval by the Court, Defendant may withdraw, transfer, encumber, or otherwise dissipate additional assets for those purposes, including assets currently held in a monetary retainer for legal expenses.

D.      To the extent that Defendant withdraws, transfers, encumbers, or otherwise dissipates assets pursuant to Section III.C above, he shall provide an accounting of his expenses to counsel for the Commission no later than the second business day of each calendar month.

**IV.  FINANCIAL REPORTS AND ACCOUNTING**

**IT IS FURTHER ORDERED** that, to the extent they have not already done so, within ten (10) business days after entry of this Order, Defendant shall provide to counsel for the Commission:

A.      A completed financial statement accurate as of the date of entry of this Order, in the

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  form provided as Attachment A for individuals, signed under penalty of perjury.  The financial

2  statement shall include assets held outside the territory of the United States, shall be accurate as of the

3  date of the entry of this Order, and shall be verified under oath.  Defendant shall attach to this

4  completed financial statement copies of all local, state, provincial, and federal income and property tax

5  returns, with attachments and schedules, as called for by the instructions to the financial statement; and

6        B.     A detailed accounting of:

7              1.     The names of all products and services advertised, marketed, promoted, offered

8                 for sale, distributed, or sold since January 1, 2008;

9              2.     gross revenues and net profits (in U.S. Dollars) obtained from the advertising,

10  marketing, or sale of each product and service identified in Subsection IV.B.1. above, from

11  inception of the advertising, marketing, or sale of that product or service through the date of

12  entry of this Order; and

13              3.     the name, address, telephone number, e-mail address, website address, and

14  contact person of each entity or person that: (i) supplied, manufactured, formulated, or created

15  any product or service that is advertised, marketed, promoted, offered for sale, distributed, or

16  sold by or on behalf of Defendant, (ii) provided any order fulfillment services of any kind,

17  including, but not limited to, drop shipping, mailing, and/or distributing products, for or on

18  behalf of Defendant, or (iii) paid Defendant, whether directly or indirectly, related to

19  Defendant's advertisement of any products or services.

20              **RECORD KEEPING PROVISIONS**

21  **V.  PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY**

22        **IT IS FURTHER ORDERED** that Defendant and his officers, agents, servants, employees,

23  and attorneys, and all other persons in active concert or participation with him who receive actual

24  notice of this Order by personal service or otherwise, whether acting directly or through any trust,

25  corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined

26  from:

27        A.     Failing to create and maintain books, records, accounts, bank statements, current

28

STIPULATED PRELIMINARY INJUNCTION    6

1   accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements

2   ledgers and source documents, documents indicating title to real or personal property, and any other

3   data which, in reasonable detail, accurately, fairly, and completely reflect Defendant's income, and the

4   disbursements, transactions, dispositions, and uses of Defendant's assets; and

5         B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

6   disposing of, in any manner, directly or indirectly, any documents, including electronically stored

7   materials, that relate in any way to: the business practices or business or personal finances of

8   Defendant; or the business practices or finances of entities directly or indirectly under the control of

9   Defendant;  and

10         C.     Creating, operating, or exercising any control over any business entity, whether newly-

11   formed or previously inactive, including any partnership, limited partnership, joint venture, sole

12   proprietorship, or corporation, without first providing the Commission with a written statement

13   disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and

14   website address of the business entity; (3) the names of the business entity's officers, directors,

15   principals, managers, and employees; and (4) a detailed description of the business entity's intended

16   activities.

17                               **OTHER PROVISIONS**

18                       **VI.  LIMITED EXPEDITED DISCOVERY**

19       **IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a),

20   34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f),

21   30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

22         A.     Take the deposition of any person, whether or not a party, for the purpose of

23   discovering the nature, location, status, and extent of Defendant's assets; the nature and location of

24   documents reflecting Defendant's business transactions; the location of any premises where

25   Defendant, directly or through any third party, conducts business operations; the Defendant's

26   whereabouts; and/or the applicability of any evidentiary privileges to this action; and

27         B.     Demand the production of Documents from any person, whether or not a party, relating

28   to the nature, status, and extent of Defendant's assets; the nature and location of documents reflecting

STIPULATED PRELIMINARY INJUNCTION    7

1   Defendant's business transactions of Defendant; the location of any premises where Defendant,

2   directly or through any third party, conducts business operations; the Defendant's whereabouts; and/or

3   the applicability of any evidentiary privileges to this action.

4        Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice

5   shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours

6   notice shall be deemed sufficient for the production of any such documents that are maintained or

7   stored only as electronic data.  The provisions of this Section shall apply both to parties to this case

8   and to non-parties.  The limitations and conditions set forth in Federal Rules of Civil Procedure

9   30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to

10   depositions taken pursuant to this Section.  Any such depositions taken pursuant to this Section shall

11   not be counted toward any limit on the number of depositions under the Federal Rules of Civil

12   Procedure or the Local Rules of Civil Procedure for the United States District Court for the Western

13   District of Washington, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and

14   31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if

15   made through the means described in Section IX of this Order.

16              **VII.  CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF**

17        **IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and

18   pleadings to the Commission shall be addressed to:

19               Julie K. Mayer

                  Federal Trade Commission

20               915 Second Avenue, Suite 2896

                  Seattle, WA 98174

21               (206) 220-4475 [telephone]

                  (206) 220-6366 [facsimile]

22               jmayer@ftc.gov

23                      **VIII.  SERVICE OF ORDER**

24        **IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

25   including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by

26   agents and employees of the Commission, by any law enforcement agency, or by private process

27   server, upon any person that may have possession or control of any document of Defendant, or that

28   may be subject to any provision of this Order.

STIPULATED PRELIMINARY INJUNCTION    8

## IX.  DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant shall immediately provide a copy of this Order to each of his affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other persons in active concert or participation with him.  Within ten (10) calendar days from the date of entry of this Order, Defendant shall serve on the Commission an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendant served with a copy of this Order in compliance with this provision.

## X.  ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that, within five (5) business days of receipt of this Order as entered by the Court, Defendant or his attorney must submit to counsel for the Commission a truthful sworn statement acknowledging receipt of this Order.

## XI.  CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning Defendant to the Commission.

## XII.  DURATION OF THIS ORDER

**IT IS FURTHER ORDERED** that the preliminary injunction granted herein shall not expire until a final order resolving all claims in this matter is entered by this Court.

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

//
//
//
//
//
//

STIPULATED PRELIMINARY INJUNCTION     9

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1

**ATTORNEYS FOR PLAINTIFF**

2

3  /s/ Julie K. Mayer                          Dated: April 25, 2011
   JULIE K. MAYER, WSBA #34638
4  LAURA M. SOLIS, WSBA #36005
   Federal Trade Commission
5  915 Second Avenue
   Suite 2896
6  Seattle, Washington 98174
   (206) 220-4475 (Mayer)
7  (206) 200-4544 (Solis)
   (206) 220-6366 (facsimile)
8  jmayer@ftc.gov
   lsolis@ftc.gov
9

10  **ATTORNEYS FOR DEFENDANT**

11

   /s/ John Du Wors                            Dated:  April 25, 2011
12  JOHN DU WORS, WSBA # 33987
   Newman Du Wors
13  1201 Third Avenue
   Suite 1600
14  Seattle, Washington 98101
   (206) 274-2800 (phone)
15  (206) 274-2801 (facsimile)
   John@newmanlaw.com
16

17  /s/ James A. Kaminski                       Dated:  April 25, 2011
   (approved as to form)
18  JAMES A. KAMINSKI
   DAWN C. STEWART
19  Hughes & Bentzen, PLLC
   1100 Connecticut Avenue, NW
20  Suite 340
   Washington, D.C. 20036
21  (202) 293-8975
   (202) 293-8973 (facsimile)
22  Jkaminski@hughesbentzen.com
   Dstewart@hughesbentzen.com
23

24

25  **IT IS SO ORDERED**.

26

27  DATED this ____ day of April, 2011.         _____
                                                RICHARD A. JONES
                                                UNITED STATES DISTRICT JUDGE
28

1

2                          **CERTIFICATE OF SERVICE**

3          I hereby certify that on April 25, 2011, I electronically filed the foregoing STIPULATED
PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF system, which will
4    send notification of such filing to the following:

5          John Du Wors
           Newman Du Wors
6          1201 Third Avenue
           Suite 1600
7          Seattle, Washington 98101
           Phone: 206.274.2800
8          Fax: 206.274.2801
           Email: John@newmanlaw.com
9                  Attorney for Defendant Tanner Vaughn, individually and d/b/a Lead Expose, Inc., and
                   Uptown Media, Inc.
10
     I also served the foregoing above-referenced document by electronic mail and by arranging to mail a
11   true copy thereof to the following non-CM/ECF participants at the addresses listed below by first class
     mail, deposited with the United States Postal Service, Seattle, WA:
12

13         James Kaminski
           Dawn Stewart
14         Hughes & Bentzen, PLLC
           1100 Connecticut Avenue, NW
15         Suite 340
           Washington, DC 20036
16         Telephone: 202.293.8975
           Fax: 202.293.8973
17         Email: Jkaminski@hughesbentzen.com
                  Dstewart@hughesbentzen.com
18                Attorneys for Defendant Tanner Vaughn, individually and d/b/a Lead Expose, Inc., and
                  Uptown Media, Inc.
19

20

21

22         Dated April 25, 2011

23                                              /s/ Julie K. Mayer
                                                JULIE K. MAYER
24                                              Attorney for Plaintiff
                                                Federal Trade Commission
25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350